UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HASSAN ALI,<br>Plaintiff | CIVIL DOCKET NO. 1:19-CV-1387-P |
| VERSUS | JUDGE DRELL |
| UNKNOWN DEFENDANT, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a is a Complaint (ECF Nos. 1, 7) filed by *pro se* Plaintiff Hassan Ali ("Ali") (#30380-057) under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*[1]. Ali is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary – Lee in Jonesville, Virginia. Ali complains that he was denied due process and wrongfully convicted of a disciplinary violation while he was incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP—Pollock").

Because Ali's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the Complaints (ECF Nos. 1, 7) should be DENIED and DISMISSED.

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I. <u>Background</u>

Ali alleges that a cell phone was discovered in the showers of the C-1 Housing Unit. Ali was initially charged with possession of the phone. ECF No. 7 at 4. According to Ali, "[b]ecause the cell phone was actually never connected directly to Ali, the DHO concluded that Ali committed the Prohibited Act Code 199 (disruptive conduct most like possession of a hazardous tool (cell phone)) and Ali was found guilty of Prohibited Act Code 199 violation by DHO." ECF No. 7 at 4. Ali alleges that he is not guilty of the offense. Ali also maintains that he did not waive his right to be represented by a staff member during the hearing. *See id.*

Ali alleged that he suffered "multiple sanctions" as a result of the conviction, but he did not state what sanctions were imposed. ECF No. 7 at 4. Therefore, the Court ordered him to amend his Complaint to state whether he lost any good conduct time. ECF No. 14. Ali was also ordered to provide a copy of the disciplinary charge and conviction, as well as the response he received from the regional level. ECF No. 14.

In his response to the Court's Order, Ali claims that he previously provided the Court with a copy of the requested documents, which were allegedly attached to his Complaint and Amended Complaint. ECF No. 15. The Court has thoroughly reviewed the Complaints, and the requested documents were not attached. ECF Nos. 1, 7. Nonetheless, because Ali admits that he lost good conduct time and that his conviction and sentence were affirmed on appeal, the case can be resolved without the requested documents. ECF No. 15.

## II. Law and Analysis

### A. Ali's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Ali is a prisoner who has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*); *Rosborough v. Mgmt. and Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Because Ali is proceeding *in forma pauperis*, his Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Ali's claim is barred by *Heck v. Humphrey*.

If a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a civil rights action seeking monetary damages related to that conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a collateral proceeding or by the issuance of a federal writ of habeas corpus. *See Heck* at 487. A "conviction," for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of time credits for good conduct. *See Edwards v. Balisok*, 520 U.S. 641 (1997).

Ali seeks monetary damages as a result of his allegedly wrongful disciplinary conviction that resulted in the loss of 41 days of credit for good conduct. ECF No. 15 at 2. An award of damages related to the lost good conduct credits would necessarily imply the invalidity of Ali's disciplinary conviction. Ali's disciplinary conviction has not been reversed, expunged, or declared invalid. ECF No. 15. Therefore, his claim for monetary damages is barred by *Heck*. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

To the extent Ali seeks the expungement of the disciplinary conviction and restoration of good conduct time, which would entitle him to a speedier release, his claim must be raised in a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (sole federal remedy for prisoner challenging the fact or duration of his physical imprisonment and seeking an immediate or a speedier release from custody is a writ of habeas corpus); *Adi v. Mgmt. & Training Corp.*, 282 F. App'x 352 (5th Cir. 2008).

### III. Conclusion

Because Ali's claim is barred by *Heck*, the Complaint (ECF Nos. 1, 7) should be DENIED and DISMISSED under §§ 1915(e)(2)(b) and 1915A, WITH PREJUDICE to being asserted again until such time as the *Heck* conditions are met.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and

---

[1] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in *Heck* cases decrees, 'Plaintiffs [sic] claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'").

Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 7th day of May 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE